# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| SHARON NGEBI NGONGANANG | CIVIL ACTION NO. 26-0415 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| UNKNOWN DEFENDANT | MAGISTRATE JUDGE PEREZ-MONTES |

**MEMORANDUM ORDER**

Before the Court is a "Request for Motion to Stay in America During My Petition for Habeas Corpus" (Record Document 4) filed by the habeas petitioner in this case, Sharon Ngebi Ngonganang ("Petitioner"). Petitioner, a native and citizen of Cameroon, entered the United States on January 14, 2025. See Record Document 1-2 at 3; Record Document 1-3 at 9. She was detained upon entry and removal proceedings commenced. See Record Document 1-3 at 9, 50. A master calendar hearing was held on April 10, 2025 and an Immigration Judge sustained the removal charge. See id. at 51. On August 18, 2025, Petitioner's request for asylum, application for withholding of removal, and application for Convention Against Torture were all denied. See id. at 61. Petitioner has filed an appeal regarding this decision with the Board of Immigration Appeals. See id. at 32-49, 76-90. It appears that the Board of Immigration Appeals has not issued its decision.

On February 10, 2026, Petitioner filed a Habeas Petition (Record Document 1) and the instant Motion (Record Document 4). The Habeas Petition challenges the legality of her continued detention beyond 90 days and seeks declaratory and injunctive relief. See Record Document 1-2 at 11. Specifically, Petitioner asks the Court for immediate release because her detention is unconstitutional and in violation of the detention statute, 8 U.S.C.

§ 1231.[1]  See id.  In the instant motion, Petitioner requests to stay in America during the pendency of her habeas petition.  See Record Document 4 at 1.  The Court construes this request as a Motion for Temporary Restraining Order enjoining Respondents from removing Petitioner from the country during the pendency of her habeas case with this Court.

An applicant for a Temporary Restraining Order ("TRO") must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp. 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017).  Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

---

[1] Section 1231 governs detention of noncitizens who have final orders of removal.

2

Here, the Court **DENIES WITHOUT PREJUDICE** Petitioner's TRO motion because she has not shown a likelihood of success on the merits as required to warrant that extraordinary remedy. She has not identified specific respondents. The record also does not establish that her continued detention is presumptively unreasonable under Section 1231 or Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Additionally, on February 12, 2026, the Court entered a Memorandum Order advising Petitioner that she failed submit either the $5.00 to file a petition for writ of habeas corpus or a completed application to proceed *in forma pauperis*. See Record Document 6. Petitioner was given thirty (30) days to either send $5.00 or to complete the *in forma pauperis* application on approved forms. See id. She was warned that failure to comply would result in her habeas petition being stricken. See id. Thus, in light of all of these circumstances, Petitioner's "Request for Motion to Stay in America During My Petition for Habeas Corpus" (Record Document 4) must be **DENIED** at this time.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 19th day of February, 2026.

```
_____
      S. MAURICE HICKS, JR.
   UNITED STATES DISTRICT JUDGE
```