a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| SHARON NGEBI NGONGANANG #A221-391-832, Petitioner | CIVIL DOCKET NO. 3:26-CV-00415 SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| UNKNOWN DEFENDANT, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Sharon Ngebi Ngonganang ("Ngonganang"), an immigration detainee at Richwood Correctional Center in Monroe, Louisiana. Ngonganang seeks release from detention.

Because Ngonganang's detention is lawful, the Petition should be DISMISSED WITHOUT PREJUDICE.

## I.    Background

Ngonganang is a native and citizen of Cameroon who entered the United States without inspection on January 14, 2025. ECF No. 1; 1-3 at 50. On August 18, 2025, an immigration judge denied asylum and withholding, and ordered that Ngonganang be removed to Cameroon. Ngonganang appealed, but the appeal was dismissed on January 30, 2026.[1]

---

[1] https://acis.eoir.justice.gov/en/caseInformation

## II.    <u>Law and Analysis</u>

Once an alien is ordered removed, the Government must physically remove her from the United States within a 90-day "removal period." 8 U.S.C. § 1231(a)(1)(A); *see also Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021).  The removal period begins on the latest of three dates: (1) the date the order of removal becomes "administratively final"; (2) the date of the final order of any court that entered a stay of removal; or (3) the date on which the alien is released from non-immigration detention or confinement. 8 U. S. C. § 1231(a)(1)(B).  Detention during this period is mandatory.  8 U.S.C. § 1231(a)(1)–(2).

Ngonganang's removal order became final on January 30, 2026, when her appeal was dismissed.  Accordingly, she is within the 90-day removal period and mandatorily detained.  If Ngonganang is still detained after the removal period expires, and there is no significant likelihood of her removal in the reasonably foreseeable future, she may file a new Petition seeking release under *Zadvydas v. Davis*, 533 U.S. 678, 689, 701 (2001)).

## III.    <u>Conclusion</u>

Because Ngonganang is lawfully detained under § 1231, IT IS RECOMMENDED that the Petition (ECF Nos. 1, 8) be DENIED and DISMISSED  WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P.

6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Friday, March 13, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE